UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
FAIR HOUSING JUSTICE CENTER, INC.                              **CV**

                                    Plaintiff,

        -against-                                              **COMPLAINT**

BRUCKNER TOWER LLC, CARNEGIE                                   **JURY TRIAL REQUESTED**
MANAGEMENT INC., KARL FISCHER
ARCHITECTURE PLLC, AND FISCHER +
MAKOOI ARCHITECTS PLLC

                                    Defendants.
-------------------------------------------------------------x

## COMPLAINT

Plaintiff Fair Housing Justice Center, Inc. (hereafter also referred to as "FHJC" or "plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against defendants Bruckner Tower LLC, Carnegie Management Inc., Karl Fischer Architecture PLLC and Fischer + Makooi Architects PLLC (together collectively referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.      Plaintiff seeks to remediate rampant inaccessibility at a newly constructed residential apartment building for the benefit of persons with disabilities and those associated with them.  The day has come for defendants to accept responsibility to retrofit the apartment building that they designed and constructed in violation of the law. Defendants' unlawful practices continue to the present day.

2.      By this action, plaintiff asks for declaratory, injunctive and equitable relief, as well as compensatory and punitive damages to redress defendants' violations of Federal Fair Housing Amendments Act of 1988 ("FHAA"), Title VIII of the Civil Rights

Act, 42 U.S.C. §§ 3601 et. seq.; the New York State Executive Law (the "Executive Law"), § 296 et. seq., New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107 et. seq.

3.     To reap unlawful profits, these defendants have and continue to make financial decisions to ignore the laws obligating defendants to make their apartment buildings accessible to persons with disabilities.

4.     Upon information and belief, defendants have and continue to design, construct and maintain apartment buildings that are not accessible to persons with disabilities.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 3613 as this action involves federal questions regarding the deprivation of plaintiff's rights under the FHAA.  The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendants' acts of discrimination occurred in this district and the residential apartment building that is the subject of this action is located in this district.

## The Property

7.     The real property at issue in this action is commonly referred to as the "Crescendo", a residential complex located at 25 Bruckner Boulevard in Bronx County, New York (hereinafter referred to as "25 Bruckner Boulevard").

8.    25 Bruckner Boulevard is a residential apartment complex consisting of two buildings called "The Staccato" and "The Legato."

9.    The Legato is a six-story building with elevator access containing approximately 108 rental dwelling units as well as public and common use areas.

10.    The Staccato is a six-story building with elevator access containing approximately 22 rental dwelling units as well as public and common use areas.

11.    These rental units at the 25 Bruckner Boulevard are "dwellings" within the meaning of 42 U.S.C. §3602(b); "dwelling units" within the meaning of 24 C.F.R.§ 100.21; as well as "housing accommodations" within the meaning of the Administrative Code §8-102(10) and Executive Law § 292(10).

12.    25 Bruckner Boulevard was designed and constructed for first occupancy after March 13, 1991.

13.    25 Bruckner Boulevard received its Final Certificate of Occupancy on October 11, 2018 from the New York City Department of Buildings.

14.    All of the residential units are "covered multifamily dwellings" within the meaning of 42 U.S.C. §3604(f)(7) and 24 C.F.R.§ 100.21; "housing accommodations" within the meaning of the Administrative Code § 8-102(10); and a "multiple dwelling" and a "multiple-family dwelling" within the meaning of the Executive Law § 292(12).

15.    25 Bruckner Boulevard is subject to the accessibility requirements of 42 U.S.C. §3604(f)(3)(C) and 24 C.F.R.§ 100.205(a), and (c) as well as the accessibility requirements of New York State and New York City.

## PARTIES

### Plaintiff

16.     FHJC is a non-profit organization dedicated to ensuring that all people have equal access to housing opportunities in the New York City metropolitan region by eliminating housing discrimination and creating open, accessible, inclusive communities.

17.     FHJC's principal office is located in the City of New York.

18.     Among other things, FHJC: (a) provides information to the public and other nonprofit organizations in the New York City regional area about fair housing laws, (b) provides intake counseling to individuals and organizations with allegations of housing discrimination, (c) conducts testing and other investigations of allegations of housing discrimination, (d) makes legal referrals to cooperating attorneys, (e) assists with the preparation and filing of administrative housing discrimination Amended Complaints, and (f) provides post-referral litigation support services. FHJC provides these services free of charge and without regard to income.

19.     FHJC also conducts testing investigations for government law enforcement agencies, provides technical assistance to nonprofit organizations engaging in fair housing enforcement activities, and engages in policy initiatives that further FHJC's mission, including the publication and dissemination of reports and educational materials.

20.     FHJC employs individuals as "testers," who are persons that assume the role of renters or homebuyers for the purpose of obtaining information about the conduct of local governments, landlords, real estate companies, agents, and others to determine whether unlawful housing discrimination is taking place.

21.     FHJC expended staff time and other resources to investigate and respond to defendants' discriminatory conduct, which has diverted resources away from other FHJC activities.

22.     Defendants' discriminatory practices frustrated and continue to frustrate FHJC's mission to ensure that all people have equal access to housing opportunities in the greater New York City region by designing and constructing inaccessible housing.

23.     FHJC has been and will continue to be injured by the discriminatory housing practices of defendants, and is an "aggrieved person" as defined in 42 U.S.C. § 3602(i) of the FHAA.

**<u>Defendants</u>**

24.     Each of the defendants participated in the process of the design and construction of 25 Bruckner Boulevard and, as such, each of the defendants had an independent non-delegable duty to comply with the requirements of the FHAA.

25.     Defendant Bruckner Tower LLC is the current owner in fee simple of 25 Bruckner Boulevard.

26.     Defendant Bruckner Tower LLC is a domestic limited liability company formed pursuant to the laws of the State of New York.

27.     Defendant Bruckner Tower LLC has designed and constructed residential rental and commercial buildings throughout the United States.

28.     Defendant Carnegie Management Inc. acted as the developer of 25 Bruckner Boulevard and was, among other things, responsible for the overall design and construction of the dwellings at 25 Bruckner Boulevard.

29.     Defendant Carnegie Management Inc. is a domestic business corporation formed pursuant to the laws of the State of New York.

30.     Defendant Carnegie Management Inc. hired defendants Karl Fischer Architecture PLLC and Fischer + Makooi Architects PLLC to perform architectural services for the design and construction of 25 Bruckner Boulevard.

31.     Defendant Fischer + Makooi Architects PLLC is a domestic professional service limited liability company doing business in New York State.

32.     Defendants Karl Fischer Architecture PLLC is a domestic professional service limited liability company doing business in New York State.

33.     Defendants Karl Fischer Architecture PLLC and Fischer + Makooi Architects PLLC did perform architectural services at 25 Bruckner Boulevard and, as such, was involved with the design and construction of the multi-family residential dwelling units and common areas at 25 Bruckner Boulevard.

34.     The website for defendant Karl Fischer Architecture PLLC is https://www.kfarchitect.com/

35.     In 2012, Fariba Makooi joined Karl Fischer Architecture PLLC as a Senior Managing Architect. See https://fmarchitect.com/#history

36.     At some point thereafter, Fariba Makooi and Karl Fischer created a new entity called Fischer + Makooi Architects PLLC.

37.     At all times relevant to this action, Fariba Makooi and Karl Fischer were principals in defendant Fischer + Makooi Architects PLLC.

38.     Defendant Fischer + Makooi Architects PLLC was incorporated in or around 2017.

39.     The website for defendant Karl Fischer Architecture PLLC states on its homepage that Karl Fischer Architecture PLLC "has become Fischer + Makooi Architects PLLC, 242 West 30th Street, Suite 1102, New York, N.Y. 10001 (USA) Tel: 212-219-9733."  See https://www.kfarchitect.com/ (last visited on June 4, 2019).

40.     Defendant "Fischer + Makooi Architects PLLC is an Architectural, Interior Design and Planning firm which is a successor to [defendant] Karl Fischer Architecture PLLC, established by Karl Fischer in 1984." See "About Us" statement in the Linkedin page for Fischer + Makooi Architects PLLC at

https://www.linkedin.com/company/fischer-makooi-architects-pllc (last visited on June 4, 2019).

41.     Defendant Karl Fischer Architecture PLLC became defendant Fischer + Makooi Architects PLLC.

42.     The website for defendant Karl Fischer Architecture PLLC directs visitors to now go to the website for defendant Fischer + Makooi Architects PLLC https://fmarchitect.com/#home.

43.     Karl Fischer is and was founder of defendant Fischer + Makooi Architects PLLC.

44.     Karl Fischer has and/or had an ownership interest in defendant Fischer + Makooi Architects PLLC.

45.     Karl Fischer performed work for defendant Fischer + Makooi Architects PLLC.

46.     Defendant Fischer + Makooi Architects PLLC has a geographical "projects map" of architectural projects that it worked on.

https://fmarchitect.com/#projectmap (last visited on June 4, 2019).

47.    Defendant Fischer + Makooi Architects PLLC identifies 25 Bruckner

Boulevard in its geographical map of projects.  See

https://fmarchitect.com/#projectmap (last visited on June 4, 2019).

48.    Defendant Fischer + Makooi Architects PLLC has a "portfolio" of

buildings that it worked on. See https://fmarchitect.com/#works (last visited on June

4, 2019).

49.    Defendant Fischer + Makooi Architects PLLC identifies 25 Bruckner

Boulevard within its "portfolio" of buildings.

See https://fmarchitect.com/portfolio/crescendo/ (last visited on June 4, 2019).

50.    Defendant Carnegie Management Inc. is the builder and developer of 25

Bruckner Boulevard, and, in those capacities, designed and constructed the 25 Bruckner

Boulevard complex.

51.    Defendants Carnegie Management Inc. and Bruckner Tower LLC are

related corporations under common ownership and control.

**<u>Investigation of inaccessible features at 25 Bruckner Boulevard</u>**

52.    FHJC conducted an investigation into whether 25 Bruckner Boulevard

was accessible to people with disabilities who use wheelchairs and whether 25 Bruckner

Boulevard was designed and constructed in compliance with the accessibility

requirements of the fair housing laws.

53.    As part of their investigation, FHJC sent testers to 25 Bruckner Boulevard

to obtain information and take measurements.

54.     On or about October 12, 2018, November 15, 2018, and November 21, 2018, FHJC sent testers posing as individuals interested in renting an apartment for a relative with disabilities who uses a wheelchair.

55.     At 25 Bruckner Boulevard, FHJC testers observed that the apartments, public-use and common-use areas were not readily accessible to, and usable by, people with disabilities; doors were not designed to allow passage into and within all premises within such dwellings that are sufficiently wide to allow passage by people in wheelchairs; an accessible route was not provided into and through the dwellings to provide access for people with disabilities throughout units; electrical outlets were not in accessible locations; lack of information concerning reinforcements in bathroom walls that allow for the later installation of grab bars around toilet, tub, shower stall and shower seat; and lack of usable kitchens and bathrooms such that an individual who uses a wheelchair can maneuver about the space.

56.     25 Bruckner Boulevard is inaccessible to people with disabilities. The architectural barriers at 25 Bruckner Boulevard deny and restrict people with disabilities from having the full ability to use and enjoy their home, and the building encompassing it, in the same manner as non-disabled persons.

57.     Upon information and belief, a full inspection of 25 Bruckner Boulevard will reveal the existence of other barriers to access.

58.     As required by the FHAA (remedial civil rights legislation) and to properly remedy defendants' discriminatory violations and avoid piecemeal litigation, plaintiff requires a full inspection of 25 Bruckner Boulevard in order to catalogue and obtain remediation of the areas of non-compliance not identified in the Complaint.

Notice is therefore given that plaintiff intend on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

## FIRST CAUSE OF ACTION
### (VIOLATION OF FAIR HOUSING ACT)

59.    Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

60.    Congress enacted the design and construction accessibility requirement as part of comprehensive amendments to the Fair Housing Act in order to prohibit discrimination on the basis of disability.

61.    The legislative history of the FHAA reflects Congress' findings that the creation of architectural barriers at multifamily dwellings – for example, steps and thresholds at building or unit entrances - is equivalent to posting a sign saying, "No Disabled People Allowed."

62.    Congress stressed that enforcement of civil rights laws is necessary to protect people with disabilities from the "devastating" impact of housing discrimination, including "architectural barriers" created by architects, developers and builders who fail to design and construct dwellings and common use areas at those dwellings accessible to and adaptable by people with disabilities. H.R. Rep. No. 100-711, at 25 (1988), reprinted in 1988 U.S.C.A.A.N. 2173, 2186; 134 Cong. Rec. S10454, 10463 (Aug. 1, 1998).

63.    Pursuant to Congressional authority, the United States Department of Housing and Urban Development ("HUD") promulgated the final FHAA design and construction regulations in January 1989. 24 C.F.R. § 100.205. HUD published the final Fair Housing Accessibility Guidelines on March 6, 1991, 56 Fed. Reg. 9472 ("FHAAG").

64.     The FHAA mandates that multi-family residential buildings built for first occupancy after March 13, 1991 containing four (4) or more units ("covered multi-family dwellings") must satisfy minimum design and construction requirements.  Pursuant to 42 U.S.C. §3604(f)(3)(C), covered multi-family dwellings must provide at least the following:

     (i)    the public use and common use portions of such dwellings are readily accessible to and usable by handicapped persons;

     (ii)    all the doors designed to allow passage into and within all premises within such dwellings are sufficiently wide to allow passage by handicapped persons in wheelchairs; and

     (iii)    all premises within such dwellings contain the following features of adaptive design:

         (I)    an accessible route into and through the dwelling;

         (II)    light switches, electrical outlets, thermostats, and other environmental controls in accessible locations;

         (III)    reinforcements in bathroom walls to allow later installation of grab bars; and

         (IV)    usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space.

65.     25 Bruckner Boulevard fails to satisfy the minimum design and construction requirements of the FHAA.

66.     Plaintiff FHJC has suffered an injury under the FHAA because for, among other reasons, its financial resources have been diverted from its time and services to investigate and counteract the defendants' unlawful conduct.  Plaintiff FHJC has been and continues to be frustrated in its mission and efforts by having to devote resources toward the defendants' unlawful conduct.

67.    Plaintiff is an "aggrieved person" authorized to file suit under the FHAA. 42 U.S.C. §§ 3602 and 3613(a)(1)(A).

68.    25 Bruckner Boulevard is a "covered multi-family dwellings" as defined by 42 U.S.C. § 3604(f)(7).

69.    Defendants have and continue to violate 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R.§100.205(c) by failing to design and construct 25 Bruckner Boulevard in a manner that the public use and common use portions are readily accessible to and usable by persons with disabilities.

70.    More specifically, defendants have and continue to violate 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R.§100.205(c) by failing to design and construct 25 Bruckner Boulevard in a manner that all premises contain all the required features of adaptive design.

71.    Defendants therefore discriminate in the rental of, and otherwise make unavailable or deny, dwellings to renters because of disability in violation of 42 U.S.C. § 3604(f)(1) and 24 C.F.R.§ 100.202(a).

72.    Defendants discriminate against persons with disabilities in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services or facilities in connection with the dwelling, because of a disability, in violation of 42 U.S.C. § 3604(f)(2) and 24 C.F.R.§ 100.202(b).

73.    Defendants engage in a pattern and practice of continuing to design and construct covered multifamily dwellings and adjoining common use areas in violation of 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R.§ 100.205(c).

74.     As a direct and proximate result of defendants' failure to design and construct in compliance with the accessibility requirements of the FHAA, plaintiff has and continue to suffer damages, including for plaintiff FHJC the diversion of resources and frustration of mission.

75.     Defendants have and continue to discriminate against plaintiff in violation of the FHAA by creating, fostering, condoning, accepting, ratifying, and otherwise failing to prevent or to remedy the discrimination described herein.

76.     Defendants' failure to design and construct was intentional, willful, or with reckless disregard for the rights of people with disabilities. Defendants also knew of or ratified the discriminatory acts of their agents, ignored their duties under the law, or otherwise engaged in knowledgeable inaction.

77.     Plaintiff seeks punitive damages against the defendants because of defendants' willful and/or reckless disregard of the law in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF NEW YORK STATE EXECUTIVE LAW)

78.     Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

79.     The New York State Human Rights Law similarly prohibits failing to design and construct covered multifamily dwellings in an accessible manner, discriminatory notices or statements, denying or withholding housing accommodations because of disability, and discrimination in the terms, conditions, or privileges of sale and rental because of disability, and refusing reasonable modifications and accommodations. New York State Executive Law§ 296(5) and (18).

80.     Plaintiff FHJC is a person as defined by the Executive Law § 292(1).

81.     25 Bruckner Boulevard is a "multiple dwelling" and/or "multi-family dwelling" as defined by the Executive Law § 292(12).

82.     The residential units at 25 Bruckner Boulevard are "housing accommodations" as defined by § 292(10) of the Executive Law.

83.     In violation of the Executive Law § 296(18)(3), defendants have committed discrimination by failing to design and construct a covered multifamily dwelling, 25 Bruckner Boulevard, in compliance with accessibility requirements under the law.

84.     Defendants have and continue to commit discrimination in violation of the Executive Law §296(5) by limiting and denying people with disabilities access to the facilities and services available to the non-disabled.

85.     Defendants have and continue to commit discrimination in violation of the Executive Law §296(5) by discouraging people with disabilities from renting by denying such persons access to facilities and services available to the non-disabled persons.

86.     Defendants' unlawful conduct has excluded and continues to exclude people with disabilities from visiting and/or renting at 25 Bruckner Boulevard.

87.     Defendants have and continue to commit discrimination by refusing to make reasonable accommodations and modifications in their rules, policies, practices, or services that are necessary to afford people with disabilities equal opportunity to use and enjoy their housing accommodation in violation of the Executive Law §296(18)(2).

88.    Defendants have and continue to commit discriminate against plaintiff in violation of Executive Law by maintaining and/or creating an inaccessible housing accommodation.

89.    It would not impose an undue hardship or undue burden on defendants to make reasonable accommodations and modifications to make 25 Bruckner Boulevard fully accessible to people with disabilities.

90.    Defendants' discriminatory actions were and are intentional, willful, or with reckless disregard for the rights of people with disabilities. Defendants also knew of or ratified the discriminatory acts of their agents, ignored their duties under the law, or otherwise engaged in knowledgeable inaction.

91.    As a direct and proximate result of defendants' unlawful discrimination in violation of the Executive Law, plaintiff has and continue to suffer damages, including for FHJC the diversion of resources and frustration of mission.

92.    Plaintiff seeks damages in an amount to be determined at trial before a jury.

93.    Plaintiff seeks punitive damages against the defendants because of defendants' willful and/or reckless disregard of the law under the Executive Law, in an amount to be determined at trial

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE ADMINISTRATIVE CODE OF THE
### CITY OF NEW YORK)

94.    Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

15

95.     The New York City Human Rights Law (aka Title 8 of the Administrative Code of the City of New York) prohibits discrimination because of disability in the terms, conditions or privileges of sale and rental of a housing accommodation, and includes refusals to permit reasonable accommodations.  See Administrative Code §§ 8-107(5) and 27-292.8 which contains the accessibility requirements under the NYC Building Code.

96.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the New York City Human Rights Law in relation to the New York City's Human Rights Law.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the New York City Human Rights Law and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130.

97.     The New York City Human Rights Law requires property owners, owners, and managing agents, to make reasonable accommodations for persons with disabilities. Administrative Code § 8-107(15)(a).

98.     Plaintiff FHJC is a person as defined by Administrative Code § 8-102(1).

99.     The residential units at 25 Bruckner Boulevard are "housing accommodations" as defined by Administrative Code § 8-102(10).

100.     25 Bruckner Boulevard contains more than three residential apartments.

101.    25 Bruckner Boulevard has at least one passenger elevator.

102.    25 Bruckner Boulevard was built after 1987.

103.    25 Bruckner Boulevard does not comply with the requirements of Administrative Code § 27-292.8.

104.    Defendants violated the New York City Human Rights Law by designing and constructing 25 Bruckner Boulevard in a manner that does not comply with Administrative Code § 27-292.8.

105.    Defendants have and continue to commit discrimination in violation of Administrative Code § 8-107 and Local Law 58 by maintaining and/or creating an inaccessible housing accommodation.

106.    Defendants have and continue to subject people with disabilities to disparate treatment by otherwise denying and/or otherwise withholding from people with disabilities the ability to use and enjoy all the advantages, services, facilities, and privileges of the defendants' housing accommodation by the creation and maintenance of a housing accommodation that is inaccessible to wheelchair users in violation of Administrative Code § 8-107(5)(a)(1).

107.    Defendants' denial to and withholding from people with disabilities via the inaccessible design and construction of 25 Bruckner Boulevard was deliberate, calculated, egregious, and/or undertaken with reckless disregard for anti-discrimination provisions of the Administrative Code.

108.    It would not impose an undue hardship on defendants to make reasonable accommodations or modification to make their housing accommodation fully accessible. Administrative Code §8-102(18)

109.    By failing to comply with the law, defendants have articulated to people with disabilities that they are not welcomed, objectionable, and not desired as tenants of 25 Bruckner Boulevard.

110.    In violation of Administrative Code § 8-107(6), defendants have and continue to, aid and abet, incite, compel or coerce each other in each of the other defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their housing accommodation.

111.    Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which plaintiff is entitled to an award of punitive damages pursuant to Administrative Code § 8-502.

112.    By refusing to make 25 Bruckner Boulevard accessible, defendants have and continue to unlawfully profit from their discriminatory conduct.  Defendants did and do so from the income received from additional rental square footage that should have been utilized for accessibility.

113.    Defendants also unlawfully profited from their discriminatory conduct by retaining money that would have and should otherwise be expended on accessible features.

114.    Defendants' unlawful profits plus interest must be disgorged.

115.    As a direct and proximate result of defendants' unlawful discrimination in violation of the Administrative Code, plaintiff has and continue to suffer damages, including for FHJC the diversion of resources and frustration of mission.

116.    Defendants' unlawful discriminatory conduct constitutes malicious, willful and wanton violations of the New York City Human Rights Law for which plaintiff is entitled to an award of punitive damages.  Administrative Code § 8-502.

117.    Plaintiff seeks damages in an amount to be determined at trial before a jury.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF NEW YORK STATE CIVIL RIGHTS LAWS)

118.    Plaintiff realleges and incorporates by this reference all allegations set in this Complaint as if fully set forth herein.

119.    Defendants discriminated against plaintiff in the public use spaces pursuant to the Executive Law.

120.    Consequently, plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every violation.

121.    Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

A.    Enter declaratory judgment declaring that defendants' have violated the FHAA, Executive Law, New York State Civil Rights Law and the New York City Human Rights Law;

**B.**     Issue a permanent injunction ordering defendants to remove all violations of the FHAA, Executive Law and New York City Human Rights Law and enjoining defendants, defendants' agents, employees, and successors, and all other persons in active concert or participation from discriminating on the basis of disability, including the following:

  i.   Refusing to rent, denying or withholding housing, or otherwise making housing unavailable on the basis of disability;
  ii.  Discriminating in the terms, conditions, or privileges of renting on the basis of disability;
  iii. Making notices or statements with regard to the rental of a dwelling that indicate a preference, limitation or discrimination based on disability;
  iv.  Refusing to make reasonable accommodations or to permit reasonable modifications for people with disabilities; and
  v.   Failing to design and construct covered multifamily dwellings in compliance with the accessibility requirements of the FHAA, Executive Law, and New York City Human Rights Law.

**C.**     Issue a permanent injunction prohibiting defendants from designing and constructing future multifamily housing in violation of the FHAA, Executive Law and New York City Human Rights Law's design and construction accessibility requirements;

**D.**     Enjoining defendants and their agents, employees, and successors, and all other persons in active concert or participation to:

  i.   Make or pay for all the necessary retrofitting in the multifamily dwellings and common areas of 25 Bruckner Boulevard;
  ii.  Make all necessary modifications to their policies, practices, and procedures to comply with the laws;
  iii. Train all management, agents, and employees on fair housing laws; and
  iv.  Allow monitoring of their design and construction of covered multifamily dwellings for compliance with the accessibility requirements of the FHAA, Executive Law and the New York

City Human Rights Law.

**E.**     Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

**F.**     Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the FHAA, Executive Law and the New York City Human Rights Law;

**G.**     Award plaintiff monetary damages for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

**H.**     Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the FHAA, Executive Law and the New York City Human Rights Law; and

**I.**     For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: September 17, 2019
        New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**

By:____/s_____
        Glen H. Parker, Esq.
        Adam S. Hanski, Esq.
        Robert G. Hanski, Esq.
        Attorneys for Plaintiff
        40 Worth Street, 10th Floor
        New York, New York 10013
        Telephone: (212) 248-7400
        Facsimile: (212) 248-5600
        Email: ghp@parkerhanski.com