UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
FAIR HOUSING JUSTICE CENTER, INC.,    :
                                      :
                          Plaintiff,  :   19cv8622 (DLC)
                                      :
              -v-                     :   MEMORANDUM
                                      :   OPINION AND
BRUCKNER TOWER LLC, et al.,           :   ORDER
                                      :
                          Defendants. :
                                      :
------------------------------------- X

APPEARANCES:

For plaintiff Fair Housing Justice Center, Inc.:
Robert G. Hanski
Glen Parker
Parker Hanski LLC
40 Worth Street 10th Floor
New York, NY 10013

For defendants Bruckner Tower LLC and Carnegie Management Inc.:
Cori A. Rosen
Rosenberg & Estis, PC
733 Third Avenue
New York, NY 10017

David P. Gillett
Donald A. Derfner
Derfner & Gillett, LLP
60 E 42nd St.
Ste 2527
New York, NY 10165

For defendants Karl Fischer Architecture PLLC and Fischer + Makooi Architects PLLC:
Jeffrey J. Fox
Milber Makris Plousadis & Seiden, LLP (White Plains)
3 Barker Avenue, 6th Floor
White Plains, NY 10601

DENISE COTE, District Judge:

Plaintiff brings this action alleging that the defendants, owners and architects of a residential complex in the Bronx, violated the Federal Fair Housing Amendments Act of 1988, Title VIII of the Civil Rights Act, 42 U.S.C. §§ 3601 et. seq; the New York State Executive Law, § 296 et. seq., New York State Civil Rights Law, § 4, and the Administrative Code of the City of New York, § 8-107 et. seq.

This case is on the March 18, 2024 trial calendar. On November 10, 2023, defendants Bruckner Tower, LLC and Carnegie Management Inc. ("Owner Defendants") filed three motions in limine, including a motion to preclude the plaintiff from proffering evidence of statutory violations absent proof of a defect in the process whereby the New York City Department of Buildings issued the Certificate of Occupancy with respect to the subject property.[1] For the following reasons, the motion in limine to preclude evidence of statutory violations is denied.

### Discussion

42 U.S.C. § 3604(f)(3)(C) sets out design construction requirements for covered multifamily dwellings. Subsection (f)(5) provides:

> (A) If a State or unit of general local government has incorporated into its laws the requirements set forth

---

[1] The motion referred to an annexed Certificate of Occupancy; however, none was submitted. The certificates of occupancy for 25 Bruckner Boulevard are available on the NYC Department of Buildings website.

in paragraph (3)(C), compliance with such laws shall be deemed to satisfy the requirements of that paragraph.

(B) A State or unit of general local government may review and approve newly constructed covered multifamily dwellings for the purpose of making determinations as to whether the design and construction requirements of paragraph (3)(C) are met.

Section 3604(f)(6)(B) provides that "[d]eterminations by a State or a unit of general local government under paragraphs (5)(A) and (B) shall not be conclusive in enforcement proceedings under this subchapter."

First, defendants have not pointed to sufficient legal authority to substantiate their claim that a certificate of occupancy could serve as evidence of substantial compliance with the requirements -- i.e., that it reflects a State or local government's "determination[] as to whether the design and construction requirements of paragraph (3)(C) are met." § 3604(f)(5)(B).

Even if they had done so, § 3604(f)(6)(B) specifically provides that such a determination shall not be conclusive in enforcement proceedings. The plaintiff's failure to identify a defect in the permitting process therefore does not provide a basis for preclusion of evidence of statutory violations.

3

## Conclusion

Owner Defendants' November 10, 2023 motion in limine to preclude evidence of statutory violations is denied.

Dated:   New York, New York
         January 30, 2024

                                         _____
                                              DENISE COTE
                                         United States District Judge